## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| MICHAEL VOVOR, | ) | | |
| Plaintiff, | ) | | |
| vs. | ) | No. | 18-CV-1238 |
| WALMART, INC., | ) | | |
| Defendant. | ) | | |

### NOTICE OF REMOVAL

Defendant, Walmart Inc., by and through its attorneys, DeFranco & Bradley, P.C., removes the above-captioned case to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 1446 upon the following grounds:

### VENUE

1. On May 23, 2018, plaintiff filed a complaint in the Tenth Judicial Circuit, Peoria County, Illinois as case no. 18-L-137 against Walmart Inc.

2. Venue lies in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Peoria County, Illinois which is within the Central District of Illinois.

### DIVERSITY OF CITIZENSHIP

3. The District Courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Upon information and belief, plaintiff is now and was at the commencement of this action, a citizen of the State of Illinois. (Complaint, Paragraph 1).

6. Defendant Walmart Inc. is now and was at the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas.

7. Walmart is not now and was not at the commencement of this action, a citizen of the State of Illinois.

## AMOUNT IN CONTROVERSY

8. This action involves a claim for personal injuries for plaintiff Michael Vovor. Plaintiff's complaint requests judgment in excess of $50,000. (See Complaint and Supreme Court Rule 222 Affidavit).

9. Plaintiff alleged he sustained the following injuries: "Plaintiff was severely and seriously injured, both internally and externally, he suffered severe head trauma, a fractured femur, bruises, contusions and other fractures and lacerations to his body." (Complaint, Count I Paragraph 14, Count II, Paragraph 4).

10. He further alleged he required hospitalization, missed work and had become "obligated for large sums of money for medical and hospital care." He alleged he "suffered extreme physical and emotional distress as a result." (Complaint, Count I Paragraph 14, Count II, Paragraph 4).

11. Plaintiff's prayer for relieve sought damages in an amount greater than $50,000, including a claim for compensatory damages and damages for pain and suffering. Plaintiff also seeks punitive damages. (Complaint).

12. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should seek removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). In *Fields*, the Court held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

13. It is clear from the allegations contained in plaintiff's complaint, including the allegations of a femur fracture, severe head trauma and other fractures, in conjunction with

plaintiff's prayer for relief over $50,000 and a claim for punitive damages, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS

14. Defendant first received notice that the amount in controversy exceeded $75,000 when it was served with plaintiff's complaint on May 30, 2018.

15. This written notice of removal was filed within thirty days of receipt of the complaint which first established that the amount in controversy exceeded $75,000, pursuant to 28 U.S.C. § 1446(b).

16. This written notice of removal was filed within one year after commencement of the action, pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

17. Written notice of the filing of this notice of removal was hereby given to all parties.

18. A copy of this notice of removal was filed with the Tenth Judicial Circuit, Peoria County, Illinois, as required by 28 U.S.C. § 1446.

19. A copy of the process and pleadings were filed contemporaneously with this notice of removal and in accordance with 28 U.S.C. § 1446(a).

WHEREFORE, defendant Walmart Inc. removes this case to the United States District Court for the Central District of Illinois.

**DEFENDANT DEMANDS TRIAL BY JURY**

DeFRANCO & BRADLEY, P.C.

By    s/Rebecca L. Van Court
      Rebecca L. Van Court, #6290952
      141 Market Place, Suite 104
      Fairview Heights, IL 62208
      (618) 628-2000
      (618) 628-2007 Fax
      ATTORNEYS FOR DEFENDANT
      vancourt@defrancolaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| MICHAEL VOVOR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 18-CV-1238 |
|  | ) |  |
| WALMART, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## AFFIDAVIT

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF ST. CLAIR   )

Rebecca L. Van Court, being duly sworn upon her oath, deposes and states that she is an attorney for defendant, Walmart Inc., herein, that she has read the foregoing Notice for Removal and believes it to be true, and that she makes this affidavit as an agent authorized to execute same on behalf of defendant.

_Rebecca Van Court_
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this 27th day of June, 2018.

_Rita M Helfrich_
Notary Public

"OFFICIAL SEAL"
RITA M. HELFRICH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 10, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL VOVOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18-CV-1238 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

Rebecca L. Van Court, after being duly sworn upon his oath, deposes and states that she is an attorney for defendant, Walmart Inc., in the above-entitled cause; that on the 27th of June, 2018, she sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 27th day of June, 2018, a copy of the Notice for Removal filed herein was also electronically filed with the Clerk of the Tenth Judicial Circuit Court, Peoria County Courthouse, Illinois.

_____
REBECCA L. VAN COURT

SUBSCRIBED AND SWORN TO before me this 27th day of June, 2018.

_____
Notary Public

"OFFICIAL SEAL"
RITA M. HELFRICH
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 10, 2021

Page 7 of 7
Case #18-CV-1238