**CT Corporation**

E-FILED
Wednesday, 27 June, 2018  02:42:56 PM
Clerk, U.S. District Court, ILCD

**Service of Process
Transmittal**
05/30/2018
CT Log Number 533428393

TO:     Kim Lundy Service of Process, Legal Support Supervisor
        Walmart Inc.
        702 SW 8th St, MS#0215
        Bentonville, AR 72716-6209

RE:     **Process Served in Illinois**

FOR:    Walmart Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vovor Michael, Pltf. vs. Walmart, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Affidavit(s), Complaint, Verification |
| **COURT/AGENCY:** | Peoria County - 10th Judicial Circuit Court, IL<br>Case # 18L00137 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 01/07/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/30/2018 at 15:52 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Gregory A. Hunziker<br>Hunziker & Heck LLC<br>416 Main Street<br>Sixteenth Floor<br>Peoria, IL 61602<br>309-676-7777 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/31/2018, Expected Purge Date: 06/05/2018<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CT Corporation

**Service of Process Transmittal**
05/30/2018
CT Log Number 533428393

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Walmart Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Walmart Inc.  (Domestic State: DE) |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE AND HOUR OF SERVICE | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter | By Certified Mail on 03/05/2018 at 17:19 postmarked on 02/28/2018 | Kim Lundy Service of Process, Legal Support Supervisor Walmart Inc. | 532907635 |

Page 2 of  2 / PS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED
ROBERT M. SPEARS
5/23/2018 4:46 PM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

| | | |
|---|---|---|
| MICHAEL VOVOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-L-00137_____ |
| | ) | |
| WALMART, INC. | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF MONEY DAMAGES SOUGHT

I, Gregory A. Hunziker, attorney for Plaintiff, MICHAEL VOVOR, being first duly sworn upon oath, deposes and states that Plaintiff is a party to the above-titled cause of action seeking money damages exceeding $50,000.00.


_____
Gregory A. Hunziker

Subscribed and sworn before me on this the 23rd Day of May, 2018.


_____
Notary Public

OFFICIAL SEAL
CASSANDRA L SCOTT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/23/18

Hunziker & Heck LLC
Sixteenth Floor
Commerce Bank Building
416 Main Street
Peoria, Illinois  61602
Ph:  309.676.7777
Fax:  309.676.1326
Email:  greg@hunzikerlaw.com

5-30-18
Date of Serv

FILED
ROBERT M. SPEARS
5/23/2018 4:46 PM
CLERK OF THE CIRCUIT COURT
PEORIA COUNTY, ILLINOIS

IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

THIS CASE IS SET FOR A MANAGEMENT CONFERENCE
ON 11/09/2018@9:30am    IN COURTROOM 213/214
OF THE PEORIA COUNTY COURTHOUSE.
IF THE DEFENDANT(S) ANSWERS(S) MORE THAN 35 DAYS
BEFORE THIS DATE, THEN THE PARTIES SHALL
SCHEDULE A CASE MANAGEMENT CONFERENCE WITHIN
25 DAYS OF THE DATE THE ANSWER'S PLED

MICHAEL VOVOR,                    )
                                  )
        Plaintiff,                )
                                  )
        v.                        )     Case No. 18-L-00137 _____
                                  )
WALMART, INC.                     )     Jury Trial Demanded
                                  )
        Defendant.                )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, MICHAEL VOVOR, by and through his attorneys, Hunziker &

Heck LLC, and for his Complaint and Demand for Jury Trial against Defendant, WALMART,

INC., states as follows:

1.      At all times relevant herein, Plaintiff has been a resident of the City of Peoria,

County of Peoria, and State of Illinois.

2.      On information and belief, Defendant is a corporation of the State of Delaware,

which has its principal place of business in the Bentonville, Arkansas.

3.      On or about January 7, 2018, and for some time prior and subsequent thereto,

Defendant, owned, leased, occupied, operated, managed, maintained, controlled and/or possessed

commercial property – a store located at 8915 North Allen Road, City of Peoria, County of

Peoria, State of Illinois.

4.      On the aforementioned date, the premises described in paragraph 3 contained a

driveway located immediately outside of a walkway, leading to the store entrance.

5.      On the aforementioned date, Plaintiff was lawfully upon the aforementioned

premises as a customer of the aforementioned store.

6.     At the time and place aforesaid, Plaintiff exited his vehicle onto the driveway immediately outside of the walkway, located approximately 30 feet from the store entrance - when he slipped on an unnatural accumulation of ice and snow located between the walkway and driveway described in paragraph 4 above.

7.     Constructive defects and/or inadequate drainage, caused water to pool between the driveway and walkway, resulting in an unnatural accumulation of ice where Plaintiff slipped and fell.

8.     Defendant had actual or constructive knowledge of the unnatural accumulation of ice located between the walkway and driveway, as well as the construction defect, design defect and/or inadequate drainage that resulted in the unnatural accumulation of ice.

9.     Defendant voluntarily undertook the removal of natural accumulations of snow and ice, but Defendant's efforts were defective in that they resulted in an unnatural accumulation of snow and ice between the driveway and walkway, where Plaintiff fell.

10.     Defendant also failed to provide adequate lighting at the driveway and walkway, further increasing the risk of harm to Plaintiff and others.

### COUNT I – NEGLIGENCE
*(Failure to Correct Defective Construction and/or Inadequate Drainage)*

11.     Paragraphs 1-10 are re-alleged and incorporated herein by reference.

12.     At the time and place aforesaid, Defendant had a duty to exercise ordinary care in its ownership, management, maintenance, control and/or possession of the aforementioned premises.

13.     At the time and place aforesaid, Defendant breached its aforementioned duty when Defendant carelessly and negligently committed the following acts or omissions:

a. Failed to correct the constructive defect and/or inadequate drainage that caused water to pool and resulted in an unnatural accumulation of ice between the walkway and driveway;

b. Carelessly and negligently failed to remove the unnatural accumulation of ice from the driveway and walkway, which resulted from the above-mentioned constructive defect and/or inadequate drainage;

c. Carelessly and negligently failed to adequately salt or apply an ice-melting agent to the driveway and walkway at issue;

d. Carelessly and negligently failed to inspect the aforementioned driveway and walkway to determine the dangerous condition of same;

e. Carelessly and negligently failed to warn the public, including Plaintiff, of the slippery and icy condition of the aforementioned driveway and walkway;

f. Carelessly and negligently failed to provide adequate lighting for the users of the driveway and walkway, including Plaintiff.

14. As a direct and proximate result of the aforementioned negligent actions or omissions of Defendant, Plaintiff was severely and seriously injured, both internally and externally, and he suffered severe head trauma, a fractured femur, bruises, contusions, and other fractures and lacerations to his body. Plaintiff's injuries required hospitalization, as a result of which he has been forced to miss work and has become obligated for large sums of money for medical and hospital care. Plaintiff has suffered extreme physical and emotion distress as a result.

15. Defendant was grossly negligent and acted with a wanton disregard for the safety of Plaintiff and others.

WHEREFORE, Plaintiff, MICHAEL VOVOR, prays for an award of compensatory and punitive damages, damages for pain and suffering, and other damages deemed appropriate by this Court, against Defendant, WALMART, INC., in an amount greater than Fifty Thousand Dollars ($50,000.00).

## COUNT II – NEGLIGENCE
### (Defective Ice and Snow Removal Efforts)

1.    Paragraphs 1-10 are re-alleged and incorporated herein by reference.

2.    At the time and place aforesaid, Defendant had a duty to exercise ordinary care in its ownership, management, maintenance, control and/or possession of the aforementioned premises.

3.    At the time and place aforesaid, Defendant breached its aforementioned duty when Defendant carelessly and negligently committed the following acts or omissions:

   a.  Voluntarily undertook efforts to remove ice and snow from the walkway and driveway and failed to exercise reasonable care in doing so;

   b.  In its efforts to remove snow and ice from the driveway and walkway, caused an unnatural accumulation of snow and/or ice in the driveway and walkway, increasing the risk of harm to Plaintiff and others;

   c.  Carelessly and negligently failed to remove the unnatural accumulation of ice and snow from the driveway and walkway;

   d.  Carelessly and negligently failed to adequately salt or apply an ice-melting agent to the driveway and walkway at issue;

   e.  Carelessly and negligently failed to inspect the aforementioned driveway and walkway to determine their dangerous condition;

      f.  Carelessly and negligently failed to warn the public, including Plaintiff, of the slippery and icy condition of the aforementioned driveway and walkway;

      g.  Carelessly and negligently failed to provide adequate lighting for the users of the driveway and walkway, including Plaintiff.

4.  As a direct and proximate result of the aforementioned negligent actions or omissions of Defendant, Plaintiff was severely and seriously injured, both internally and externally, and suffered severe head trauma, a fractured femur, bruises, contusions, and other fractures and lacerations to his body. Plaintiff's injuries required hospitalization, as a result of which he has been forced to miss work and has become obligated for large sums of money for medical and hospital care. Plaintiff has suffered extreme physical and emotion distress as a result.

5.  Defendant was grossly negligent and acted with a wanton disregard for the safety of Plaintiff and others.

WHEREFORE, Plaintiff, MICHAEL VOVOR, prays for an award of compensatory and punitive damages, damages for pain and suffering, and other damages deemed appropriate by this Court, against Defendant, WALMART, INC., in an amount greater than Fifty Thousand Dollars ($50,000.00).

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully Submitted,

MICHAEL VOVOR, Plaintiff

By: _____
         Attorney for Plaintiff

Hunziker & Heck LLC
Sixteenth Floor
Commerce Bank Building
416 Main Street
Peoria, Illinois 61602
Ph: 309.676.7777
Fax: 309.676.1326
Email: greg@hunzikerlaw.com

## VERIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of *the Illinois Code of Civil Procedure*, the undersigned certifies that statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Michael Vovor

Hunziker & Heck LLC
Sixteenth Floor
Commerce Bank Building
416 Main Street
Peoria, Illinois 61602
Ph: 309.676.7777
Fax: 309.676.1326
Email: greg@hunzikerlaw.com